# IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| CITIBANK, N.A. | * | |
| PLAINTIFF | * | |
| | * | |
| V. | * | |
| | * | CASE NO. 4:19CV00062 SWW |
| JERRY JOHNSON | * | |
| DEFENDANT | * | |
| | * | |

## ORDER OF REMAND

For the reasons stated below, the Court finds, *sua sponte*, that subject matter jurisdiction is lacking in this case. The Court therefore remands this action back to the state court from which it was removed.

On August 17, 2018, Citibank, N.A. filed suit against Jerry Johnson ("Johnson") in the Circuit Court of Pulaski County, Arkansas, seeking to collect a debt totaling $5,700.90.[1] On January 28, 2019, Johnson removed the case to this federal court.

Under 28 U.S.C. § 1441(a), a defendant may remove a case that originally might have been brought in federal court. In his notice of removal, Johnson cites 28 U.S.C. § 1332, the statute that grants federal district courts original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between

---

[1] *See* ECF No. 3.

1

citizens of different states. In this case, the complaint plainly demonstrates that the amount in controversy does not meet the amount required for diversity jurisdiction.

Johnson attached an exhibit to his notice of removal, addressed to the "Judge/Clerk" of the Pulaski Circuit Court, which states that he is removing the case "due to a conflict that arises under the written constitution for a violation of civilian due process protections."[2] Even if Johnson had asserted a defense or counterclaim claiming a violation of his federal rights, which he did not, removal jurisdiction would be lacking. "'A federal question is raised in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *In re Otter Tail Power Co.*, 116 F.3d 1207, 1213 *(quoting Peters v. Union Pacific R. Co.,* 80 F.3d 257, 260 (8th Cir. 1996)). "This well-pleaded complaint rule requires that a federal cause of action must be stated on the face of the complaint before the defendant may remove the action based on federal question jurisdiction. A federal defense does not give the defendant the right to remove to federal court." *Id*.

Under 28 U.S.C. § 1447(c), a district court possesses the authority and duty to remand a case, *sua sponte*, for lack of subject matter jurisdiction if at any time before final judgment it appears that the court lacks subject matter jurisdiction.

---

[2] ECF No. 2, Ex. A.

Because it is clear from the record that subject matter jurisdiction is lacking in this case, it will be remanded to state court.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1447(c), this case is IMMEDIATELY REMANDED to the Circuit Court of Pulaski County, Arkansas.

IT IS SO ORDERED THIS 31ST DAY OF JANUARY, 2019.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE